FILED
F.T. SMITH DIST.

2013 NOV 4 PM 2:27

CIR. CLERK SEB. CO.

# IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
## CIVIL DIVISION

RICHARD A. PULIS                                                    **PLAINTIFF**

vs.                            Case No. CV-2013-**CV-13-1059**

HARBOR FREIGHT TOOLS USA, INC.,
CENTRAL MACHINERY COMPANY,
AND JOHN DOES 1-3                                              **DEFENDANTS**

## COMPLAINT

COME NOW, the Plaintiff, Richard A. Pulis (hereinafter "Plaintiff"), by and through his attorney, Ray B. Schlegel of Nolan, Caddell & Reynolds, and for his Complaint against the Defendants, Harbor Freight Tools USA, Inc. (hereinafter "Harbor Freight"), Central Machinery Company (hereinafter "Central Machinery") and John Does 1-3, state and allege as follows:

### Parties and Jurisdiction

1.      Plaintiff was at all times relevant hereto a citizen and resident of Barling, Sebastian County, Arkansas.

2.      Defendant Harbor Freight is a foreign for profit corporation authorized to conduct business in the State of Arkansas through the Arkansas Secretary of State, which owns, manages, and/or operates a business known as Harbor Freight Tools located at 3400 Rogers Avenue, in Fort Smith, Arkansas, and which sells and/or distributes Central Machinery bench grinder/buffer Model No. 94327.  Defendant can be served through its

1

registered agent for service of process, Corporation Service Company, 300 Spring

Building, Suite 900, 300 S. Spring St., Little Rock, Arkansas 72201.

3.     Defendant Central Machinery is a foreign for profit corporation organized

and existing under the laws of the State of North Carolina, which designs, manufactures,

assembles, inspects, tests, packages, sells, and or otherwise distributes bench

grinder/buffer Model No. 94327.  Defendant Central Machinery's products are sold and

distributed nationwide, including the State of Arkansas, and Defendant Central

Machinery has sufficient contacts with the State of Arkansas so as to be subject to

personal jurisdiction in the State of Arkansas.  Defendant Central Machinery may be

served with service of process through its registered agent for service of process, Donald

H. Hege, Sr., 169 Moose Lodge Rd., Lexington, North Carolina, 27295.

4.     Defendant John Does 1-3 are any other persons or entities that participated

in the design, manufacture, assembly, inspection, testing, packaging, sale and/or

distribution of Central Machinery bench grinder/buffer Model No. 94327.  Defendant

John Does 1-3 have at all times relevant hereto been residents of the State of Arkansas

and/or conducted business in the State of Arkansas and have sufficient contacts with the

State of Arkansas so as to be subject to personal jurisdiction in the State of Arkansas.  An

affidavit is attached as hereto as Exhibit "A" pursuant to Ark. Code Ann. § 16-56-125

(Repl. 2005).

5.     The incident giving rise to this cause of action occurred in Barling,

Sebastian County, Arkansas.

6.     This Court has jurisdiction over the subject matter and the parties hereto,

and venue is proper with this Court.

2

### Factual Background

6.     On or about November 21, 2010, Plaintiff purchased a grinder/buffer Model No. 94327 from Defendant Harbor Freight. Said buffer/grinder was designed, manufactured, assembled, inspected, tested, packaged, sold, and/or otherwise distributed by Defendant Central Machinery. Defendant John Does 1-3 also participated in the design, manufacture, assembly, inspection, testing, packaging, sale and/ or distribution of said grinder/buffer. On December 22, 2010, Plaintiff was buffing his pocket knife on the bench grinder/buffer Model No. 94327 at his home in Barling, Arkansas. Plaintiff was using said grinder/buffer for the purposes and in a foreseeably intended and prudent manner. He purchased the machine for the primary purpose of buffing and shining knives and other metal utensils. He told his plans for intended use to the store clerk, who while acting in the course and scope of his employment with Defendant Harbor Freight, recommended and sold the machine in question. It appeared to Plaintiff that the box had been opened before he bought it, but the store clerk indicated that none of the parts or instructions were missing. However, Plaintiff later discovered that the machine came with no operator/owner's manual. Further, no guards came with or were available for the buffing portion of the machine at the time of purchase. On December 22, 2010, the first time Plaintiff used the machine, he was attempting to buff a knife. The new buffer began throwing strings which caught the knife, brought it around at 3600 rpm thereby proximately causing Plaintiff to sustain serious and permanent injuries, including but not limited to a slicing off Plaintiff's thumb on his dominant hand, which had to be surgically reattached. Plaintiff has never regained full use of his dominant hand.

3

## Count I:  Strict Liability of the Defendants

7.    Defendant Central Machinery is engaged in the business of designing, assembling, inspecting, testing, packaging, selling, and/or distributing grinder/buffer Model Number 94327.  Defendant Central Machinery supplied the grinder/buffer purchased by Plaintiff in a defective condition which rendered it unreasonably dangerous. The defective condition of the grinder/buffer was the proximate cause of Plaintiff's injuries and the resulting damages of Plaintiff, as more specifically set forth herein below.

8.    Defendant Harbor Freight puts out as its own Central Machinery buffer/grinder Model Number 94327 and is subject to the same liability as though it were its manufacturer.  Defendant Harbor Freight is engaged in the business of selling and/or otherwise distributing Central Machinery buffer/grinders.    The Central Machinery buffer/grinder Model Number 94327 at issue here was supplied by Defendant Harbor Freight in a defective condition which rendered it unreasonably dangerous. The defective condition of the grinder/buffer was the proximate cause of Plaintiff's injuries and the resulting damages of Plaintiff, as more specifically set forth herein below.

9.    John Does 1-3 are engaged in the business of manufacturing, assembling, inspecting, testing, packaging, selling and/or otherwise distributing grinder/buffers, such as the one purchased by Plaintiff.  Defendant John Does 1-3 supplied the buffer/grinder Model Number 94327 purchased by the Plaintiff in a defective condition which rendered it unreasonably dangerous.    The defective condition of the grinder/buffer was the proximate cause of Plaintiff's injuries and the resulting damages of Plaintiff, as more specifically set forth herein below.

## Count II:  Negligence of the Defendants

10.    Defendants were guilty of careless and/or negligent acts and/or omissions, thereby proximately causing the accident, injuries and damages described herein, such acts and/or omissions including but not limited to:

4

(a)     failure to use ordinary care in its design of the bench grinder/buffer Model No. 94327 described herein, the selection of materials used in it, in its assembly, to inspect it, to test it, and to package it in order to protect those who would use it from unreasonable risk of harm while being used for its intended purpose or while it is being used for any purpose which should reasonably be expected;

(b)     failure to take reasonable and necessary precautions to protect users of said bench grinder/buffer Model No. 94327 from known and foreseeable dangers;

(c)     failure to use ordinary care under the circumstances to protect others from harm;

(d)     failure to give reasonable and adequate warning of dangers inherent or reasonably foreseeable in the use of said bench grinder/buffer Model No. 94327;

(e)     failure to give reasonable and adequate instructions with respect to the conditions and methods of safe use of the bench grinder/buffer Model No. 94327;

(f)     failure to use feasible alternatives which accomplish the intended purpose of the product at a lesser risk;

(g)     failure to give reasonable and adequate instructions with respect to the conditions and methods of its safe use;

(h)     failure to inspect the product and packaging from possible defects and/or missing instructions or warnings to protect consumers from foreseeable and unreasonable risk of harm.

11.     Defendant Harbor Freight puts out as its own Central Machinery buffer/grinder Model Number 94327 and is subject to the same liability as though it were its manufacturer.

12.     The negligent acts and/or omissions of Defendants, jointly and severally, were the proximate cause of the injuries and damages of the Plaintiff as more specifically set forth herein below.

5

## Count III: Breach of Implied Warranty of Fitness for Particular Purpose Against Defendant Harbor Freight

13.     At the time of the purchase of the grinder/buffer Model No. 94327, Defendant Harbor Freight, through its employee, who was acting within the course and scope of his employment with Defendant Harbor Freight, knew the particular purposes for which such bench grinder/buffer Model No. 94327 would be used.   Further, Defendants Harbor Freight, through its employee, who was acting within the course and scope of his employment with Defendant Harbor Freight, had reason to know that Plaintiff was relying on said employee of Defendant Harbor Freight'ss skill or judgment to select or furnish a suitable bench grinder/buffer.  The bench grinder/buffer Model No. 94327 was not fit for the particular purposes for which it was required.  Plaintiff was a person whom Defendant would reasonably have expected to use the bench grinder/buffer Model No. 94327.

14.     The unfitness of said product was the proximate cause of the injuries and damages of the Plaintiff as more specifically set forth herein below.

15.     Defendant Harbor Freight is liable for the actions and/or omissions of its employee, who was acting within the course and scope of his employment.

### Count IV: Breach of Implied Warranty of Merchantability Against the Defendants

16.     Defendants sold and/or distributed a bench grinder/buffer Model No. 94327 to Plaintif, which was not fit for the ordinary purposes for which such goods are used and was not adequately contained, packaged, and labeled, and did not conform to promises or affirmations of fact made on the labels.

17.     The condition of the bench grinder/buffer Model No. 94327 was the proximate cause of the injuries and damages sustained by the Plaintiff as more specifically set forth herein below.

6

### Count V:  Breach of Express Warranty Against Defendant Harbor Freight

18.     Defendant Harbor Freight's employee, who was acting within the course and scope of his employment at the time, made an affirmation of fact to the Plaintiff that the bench grinder/buffer Model No. 94327 in question was capable of safely polishing the Plaintiff's knives and other metal objects, becoming a basis of the bargain, and thereby creating an express warranty that the product would conform to the affirmation.  Said grinder/buffer Model Number 94327 did not confirm to the express warranty created.

19.     The failure of the product to conform to the express warranty was the proximate cause of the injuries and damages sustained by Plaintiff as more specifically set forth herein below.

### Damages

20.     As a proximate result of the acts and/or omissions of the Defendants, which are set forth in the causes of action alleged herein above, the Plaintiff sustained the following damages: (1) reasonable and necessary medical expenses; (2) loss of earning and earning capacity; (3) physical pain and suffering; (4) mental pain and suffering and emotional distress; and (4) scarring and disfigurement.  Plaintiff's damages exceed that which is necessary for federal diversity jurisdiction.

21.     At the time the subject buffer/grinder was designed, manufactured, assembled, tested, packaged, sold, and distributed, Defendants knew or ought to have known in light of surrounding circumstances that their failure to take simple, inexpensive precautionary measures would likely result in serious injury to consumers of the product, yet Defendants failed to act with malice or with reckless disregard of the consequences from which malice could be inferred.  As such, Plaintiff is entitled to punitive damages.

### Jury Trial Demanded

22.     Plaintiffs demand a trial by jury.

7

**Right to Amend**

23.    Plaintiff reserves the right to file amended and substituted pleadings after further investigation and discovery.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Richard A. Pulis, prays for judgment in a sum and amount which exceeds that which is necessary for federal diversity jurisdiction; for costs; and for all other just and proper relief to which the Plaintiff may show themselves entitled.

Respectfully submitted,

RICHARD A. PULIS, Plaintiff

By:_____

Ray B. Schlegel (2002002)
NOLAN, CADDELL & REYNOLDS
5434 Walsh Lane
Rogers, AR 72758
(479) 464-8269
(479) 464-8287 - fax

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**

8

## IN THE CIRCUIT COURT OF SEBASTIAN COUNTY, ARKANSAS
### CIVIL DIVISION

**RICHARD A. PULIS**                                              **PLAINTIFF**

**vs.**                              **Case No. CV-2013-_____**

**HARBOR FREIGHT TOOLS USA, INC.,**
**CENTRAL MACHINERY COMPANY,**
**AND JOHN DOES 1-3**                              **DEFENDANTS**

### AFFIDAVIT

I, Ray B. Schlegel, of legal age and being first duly sworn, state on oath:

1. I am the attorney of record for Plaintiffs in the above-captioned matter.

2. I hereby swear or affirm that the identities of particular tortfeasors described in the Complaint are unknown at this time. Those tortfeasors are described in the Complaint as John Does 1-3. When the identity of these tortfeasors becomes known, the Complaint shall be amended to include the real name(s) of the tortfeasor(s) in accordance with Ark. Code Ann. § 16-56-125.

FURTHER AFFIANT SAYETH NOT.

_____
Ray B. Schlegel

STATE OF Arkansas )
COUNTY OF Washington )ss

Subscribed and sworn before me, the undersigned Notary Public within and for the above County and State, this the 1st day of October, 2013.

_____
Notary Public

My commission expires:

_____

ANDREA SIZEMORE
NOTARY PUBLIC
MY COMM. EXP.
JULY 18, 2015
WASHINGTON CO. ARKANSAS

EXHIBIT
A

9